IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SAM WEST LEE                                                            PLAINTIFF

V.                                                                                      NO. 1:11CV062-A-V

STARKVILLE DEPARTMENT, et al.                                     DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court, *sua sponte*, for consideration of dismissal. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, currently being held in the Oktibbeha County Jail, filed this complaint pursuant to 42 U.S.C. § 1983. The Plaintiff complains about his arrest and detainment for public drunk. The Plaintiff states that he is also being held on suspicion of a shooting. The Plaintiff contends that his rights are being violated because he is being prosecuted based on false statements. He further claims that the arrest has caused the loss of employment and loss of reputation. The Plaintiff is seeking monetary damages and immediate release from confinement.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), this court has come to the following conclusion.

**Section 1983 is not Appropriate Method to Challenge a Pending Criminal Charge**

Any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus matter, whereas challenges to conditions of confinement may proceed under §1983. *Jackson v. Torres*, 720 F.2d 877, 879 (5th Cir. 1983). The relief sought by the prisoner or the label he places upon the action is not the governing factor. *Johnson v. Hardy*, 601 F.2d 172, 174 (5th Cir. 1979). The rule which the Court of Appeals for the Fifth Circuit follows in determining whether a prisoner must first obtain habeas corpus relief before bringing a § 1983 action is simple: "if a favorable determination would not automatically entitle the prisoner to accelerated release, the proper vehicle for suit is § 1983. If it would so entitle him, he must first get a habeas corpus judgment." *Clarke v. Stalder*, 121 F.3d 222, 226 (5th Cir. 1997), *reh'g denied*, 133 F.3d 940 (1997)

(*citing Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 736, 133 L. Ed. 2d 686 (1996)).

The Plaintiff must first obtain habeas corpus relief before bringing suit pursuant to § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). A cause of action under 42 U.S.C. § 1983 does not accrue until the plaintiff's conviction or sentence has been invalidated. *Id.* at 489-91. Rather, the proper method to challenge the validity of a conviction is to apply for federal habeas relief. *Braden v. 30th Judicial Cir. Ct. of KY*, 410 U.S. 484, 488-89, 93 S. Ct. 1123, 1126, 35 L. Ed. 2d 443 (1973); *Gibson v. Klevenhagen*, 777 F.2d 1056, 1058 (5th Cir. 1985).

Here, however, the Plaintiff has not been convicted of a crime but has only been arrested and detained. Several Circuits have held that *Heck* also bars a "damage claim which, if successful would necessarily imply the invalidity of a potential conviction on a pending criminal charge." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n. 8 (7th Cir. 2001); *Smith v. Holtz*, 87 F.3d 108, 110 (3rd Cir. 1996). The Fifth Circuit has reasoned that prior to a conviction, such as here where there is only an arrest, *Heck* does not necessarily bar a claim for damages. *Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995). Rather, prior to a conviction or acquittal, a 1983 is premature and in such circumstances the matter should be stayed pending the resolution of the underlying criminal case. *Id.* at 746.

The Plaintiff has not been convicted but is simply being detained. The 1983 claim is, thus, premature. According to the law in this Circuit the matter should be stayed until such time as the criminal charges have been resolved. Instead of cluttering the docket with an inactive case, this court prefers to dismiss the matter without prejudice to the Plaintiff's right to raise a 1983 claim arising out of the same criminal charge once a final disposition has been reached. This matter, therefore, shall be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the  3rd  day of August, 2011.

                                              **/s/ Sharion Aycock**
                                              **U.S. DISTRICT JUDGE**